The next case this morning for argument is 20-2741, Ferguson v. McDowell. Good morning, counsel. Mr. Engelke, whenever you're ready. Thank you, Your Honor. Good morning. I am Kyle Engelke. I'm appearing on behalf of the defendant, Ryan McDonough. He is the appellant in this case. The case is regarding an excessive force complaint, a one-time taser use. And the entire incident or encounter with the plaintiff was captured on video. And so the question before the court is whether that encounter violated any clearly established right according to the court's precedent. And here, there isn't any… Well, that's not really the question. That's not really the question. The question under our precedent under Gantt v. Hartman, which we decided two years ago, is whether the video recording of the incident utterly discredited the plaintiff's testimony in this case, right? That's the test. The test is because the district court determined that there was a dispute of material fact here, the only issue for us, at least right now, to determine, at least the initial issue, is to determine whether we have jurisdiction to hear this appeal at this time. And we only have jurisdiction under our precedent and Supreme Court precedent if the video recording of the incident utterly discredited the plaintiff's testimony, right? I guess, would you agree with that first? I understand the question you're asking, Your Honor. First of all, to start with Gantt, which you were citing, I think the rationale in Gantt is that the key to jurisdiction, and I'm quoting, is that the legal argument cannot depend entirely on disputed facts. Okay? And so the rationale discussed in Gantt, but also the cases that were cited by my briefing, include Dockery. And I think it's important to note Dockery cites the cases from the United States Supreme Court, which was the Plumhoff case and the Scott v. Harris case, where they reversed. But Dockery, we said about, here's what we said about Dockery and Gantt. We said, Dockery demonstrated facts reaching this outer limit, this outer limit of the principles established by the Johnson case. It should be considered a rare case. It does not apply where the video recording is subject to reasonable dispute. And so it's got, at least I think it's got to be your position here, that the video recording is not subject to reasonable dispute. It's irrefutable evidence, and it utterly discredits the plaintiff's testimony. Or do I have that wrong? No, Your Honor. I don't think that the video is subject to any material dispute of fact. It shows the entire encounter between the two parties. And so I think that's the point, that that can be reviewed and, in fact, should be reviewed. And that was the point in, frankly, the United States Supreme Court's decisions, in Scott v. Harris and Plumhoff, reversing where the circuit courts had found, well, perhaps there's a material fact on the severity of the crime, even after viewing the video. And the court said, no, that's not the case. Because the evidence is there, the court can review it as a matter of law. But the court, it was a little bit different than that. The court can certainly review the evidence, but the, as a matter of law, only comes in if the video itself shows conclusively that there's no genuine dispute of material fact. Just the existence of the video itself doesn't make it a question of law. Sure, Your Honor. And so, frankly, I would, you know, I would move on to the point that it begs the question, what is the material dispute of fact of what happened? What happened between the two parties is shown on the video. Whether Mr. Ferguson intended to surrender is, frankly, irrelevant to the legal analysis before the court. And that was the reason we were emphasizing, Zachary, that this is a question of law. Would we have to find that he was actively resisting on the video in order to find for you? I believe that the court would need to apply the existing case law addressing whether or not, you know, a suspect. So that's my question. Would that require us to find that at the moment Mr. Ferguson was tased, that he was actively resisting the officer? At the moment that he is tased, no. There would need to be a review of the totality of the circumstances, and that would need to include whether there was active resistance at some point, as shown by the video. So it's your position that if he's actively resisting and then he stops actively resisting, that we could find tasing is okay as a matter of law? Tell me which case stands for that. I believe, well, I believe that the totality of the circumstances do matter. And yes, there's case law that discusses that you can lose the right to use force, because I believe Abbott discusses, for example, that you can use tasing with someone that is actively resisting. Is there any case that says, as a matter of law, if someone is passively resisting, that an officer is justified in using a taser? Passively resisting only? Correct. I don't know of a case that I can recall offhand, but that's certainly not the argument here, Your Honor. And I think that also flips the burden. But in viewing the video, which we reviewed the video, it's in the record, and Mr. Ferguson is shown with his hands up near his car, and his pants had fallen down essentially to the ground, and he's standing there with his hands up at the time he is tased. Would we have to find, as a matter of law, that that video shows he was conclusively actively resisting in order for the officer to have tased him? I think the question, Your Honor, is, is there a case, because I want to emphasize that for the Qualified Immunity Analysis— I'm not getting—no, I don't—I mean, I'm sorry to interrupt you. I don't want to get astray and get into the Qualified Immunity legal test. The question for whether or not we have jurisdiction is whether there is a factual dispute about what happened. And so my question to you is, would we have to find, as a matter of law, that the video conclusively shows that there is no dispute that he was actively resisting at the time the officer tased him, when his hands were up and he was standing by his car, and his pants were essentially down on the ground so you could see he didn't have a weapon on him? No, the court does not need to find, as a matter of law, that he was actively resisting at the precise moment that the officer fired the taser. I think that there's cases talking about the split-second decisions regarding the officers and the fact that those are reviewed objectively, and also that you don't need to take surrender at face value, especially in a situation where you're responding to a threat of someone who has punched. But why wouldn't that be a question of fact for a jury? I hear you saying, looking at the totality of circumstances, the jury might be able to find, or the trier of fact might be able to find, a taser was justified here. But that's very different than asking us to find, based on a view of this video, that no other conclusion could be drawn. Your Honor, I was reserving two minutes for rebuttal. May I respond to your question? Yes, please. I think it's important to note that the material fact of dispute is not identified by the district court. Instead, it's leaving to the jury questions about objective police actions. Well, that says there's a material dispute if they're leaving it to the jury. If the district court says this is a question for the jury, that signals to me that's a question that's disputed, or there's a factual dispute for it. Right, and I think what I want to emphasize to the court today is that the Dockery, Plumhoff, and Harris decisions did lead, or did originally say, before reversed, that, okay, whether or not this video shows a severity of a crime or a threat is something we'll just leave to the jury. And the United States Supreme Court, at least in Plumhoff and Harris, said, no, this can be objectively reviewed and should be, and reversed accordingly. I'll reserve the rest of my time for rebuttal. Okay, thank you. Mr. Jason? Good morning, Your Honors. May it please the court. Kevin Jason for the Plaintiff Appellee, Joseph S. Ferguson. There are three independent bases to deny this appeal, given the facts in the record, and especially given the inferences that should be drawn in the appellee's favor. As the panel was addressing earlier, in Gantt, the court did find that to appeal a denial of qualified immunity, an appellate must refrain from contesting any fact that a reasonable jury can resolve against them. But here, a reasonable jury could find the following. That during his arrest, Mr. Ferguson was shoved and given contradictory instructions on where to place his hands. The officer McDonough pushed and pulled Mr. Ferguson until his clothes came off. And Mr. Ferguson was not physically resisting arrest. He was not aggressive. He never indicated that he would try to flee. A reasonable jury could also find that the facts surrounding his surrender left no doubt that he wasn't a threat when he was tased. As you alluded to, Judge St. Eve, he was standing motionless with his hands visible in the air. They were in plain view of the officer. His pants were at his knees. His shirt was on the ground. The waistband of his underwear was visible. This all occurred in broad daylight, and a reasonable jury could conclude that Mr. Ferguson was not arguing at the time. Notably, a second officer was mere feet away while all this was occurring. And while Mr. Ferguson had his hands in the air, Officer McDonough took a step back, unhalted his weapon, aimed it at Mr. Ferguson's chest, and fired. Given all these facts, there is no jurisdiction to hear this appeal. The appellant's argument is entirely premised on his own version of the facts, despite the fact that the record not only does not utterly discredit the plaintiff's version, but is actually consistent with it. He primarily relies on Dockery v. Blackburn, but that case is wholly distinguishable. There, the plaintiff said that he was not physically aggressive on tape. Meanwhile, the video showed he took a number of actions. He pointed aggressively at officers. He punched. He kicked. He wildly flailed. He jumped up on his feet. And there was a number of things that took place, even after the case was drawn on him, that showed that the use of force ultimately was justified. And there, the court took it as appropriate to reopen the record. That is not the case here. And that makes this wholly distinguishable from the other cases, like Plumhoff and Scott v. Harris, which the appellant is relying on. Ultimately, this case should just be denied on the question of jurisdiction, as given the limited jurisdiction that's before the court. As you all know, it can only look at questions of law. It shouldn't be interjecting and creating new factual determinations. And also, this video does not resolve all of the questions. Even though it captures the incident, it does not capture all the facts. For instance, the audio quality isn't pristine. You can't tell if Mr. Ferguson – you can't tell what he was saying. And he maintains that he wasn't arguing at a time he was tased. The facts of both the officer and Mr. Ferguson were to the camera at the time where Mr. Ferguson's clothes were being removed and Mr. – and, rather, Officer McDonough's moving him around forcefully. And in his officer report, Officer McDonough says that Mr. Ferguson provided tension to his arms, and notably, that's the extent to which he says that the struggle was occurring. Of course, a video can't decide whether or not tension is being provided at a level, especially given that Mr. Ferguson is saying that Officer McDonough was the aggressor in the moving of all the force. And also, it should be noted that even if Mr. Ferguson was providing tension to his arms, that's not active resistance. Cyrus showed that when an individual is refraining from putting his hands behind his back, that is not a heightened form of resistance. In Abbott, the court found that if a person is refusing to roll over, that's also not active resistance. The court has been clear and consistent in that manner. And in order to find jurisdiction, the court would first have to find active resistance. And just to move quickly to the surrender, because I do think that is a separate basis here. In fact, there are two others. First, the lower court noted, and the appellant doesn't seem to disagree, that the court has been clear that you can't use significant force on an individual who is not actively resisting arrest. So even if this court were to reach the merits, that would be one basis to deny this appeal. And notably, on the question of surrender, even if an individual were actively resisting prior to surrender, which again was not occurring in this case, officers still may not use significant force at that point. Strand v. Minshuk is instructive here. There, an individual actually punched, placed his hands on the throat of an officer, and was in a full-blown fight. Even there, this court found that the operative question was, what were the facts surrounding the surrender? Was there a reasonable basis to believe that this individual posed a threat? And there, the question was whether or not the officer recalibrated. And the principle still applied, notwithstanding all of the violence that preceded the surrender. And there, the court denied qualified immunity. The court has also held a similar principle in Alcea v. Miller. I'm sorry, Alcea v. Thomas, as well as Miller v. Gonzalez. And it's been consistent throughout. You keep referring to the word surrender. And so there is a question of fact, whether when he's holding up his hands, he's still in control. And I'm wondering, it could also be, I guess you would label it, he says, no, wait a minute, he just doesn't want to be handcuffed. And he's got his hands up, so he's still in control, rather than what the officer wanted him to do. So is your position that this is still a question of fact, and therefore we can't resolve it? I do think that ultimately there are questions of fact here that preclude review of this on the merits. But even with the facts that are present in this video, I do think they're sufficient to establish a surrender and to rule that in favor of Mr. Ferguson. The primary case that speaks to the genuineness of the surrender is Johnson. There, that case was wholly dissimilar in that prior to the surrender, the plaintiff was a suspected armed gunman that was involved in a shooting, and that occurred in the dead of night. He engaged the officers in a reckless chase, and he ran into a backyard. A split second after noticing that he was cornered, he surrendered by raising his hands and saying that he surrendered. But the court there found that all of those facts preceding it made it a question as to whether or not the surrender was genuine. And here, none of those facts are apparent, given that Mr. Ferguson, again, was standing effectively bare with no place to hide a weapon. And notably, there was no even allegation that he had a weapon, given that Officer McDonough himself said that he collected whatever weapon was alleged to have been used in the prior incident. I should also note that this court has just been consistent that the question of surrender is a totality and circumstances analysis, and that ultimately it just places this situation. The facts here just compound too much to make it that there was any reasonable basis that Mr. Ferguson posed a threat, including one other one, which is a question of fact that is not resolved by the video, as to whether or not Officer McDonough was aware that Officer Kinzer was on the scene. This court has found in Alisaiah and in Becker, or sorry, Abbott and Becker, that the presence of multiple officers can be a critical factor to determine whether or not the individual posed the threat. And given that the question at surrender here is whether or not Mr. Ferguson posed the threat, that the video cannot conclude whether or not Officer McDonough was aware is another reason why that's a question of fact that should go to the jury. I should also note that, especially just given the way that this matter unfolded, Officer McDonough had a number of options available to him. Notably, the courts have also been consistent that when the officer is holding someone using a ranged weapon here, the taser, that that is a factor to determine whether or not to surrender or rather whether this individual is subdued. And here, even though Officer McDonough had a taser, he could have offered additional commands. He could have called for backup and he could have even issued a warning before firing, but he didn't do any of that should not be countenance. Ultimately, he's the one who created the situation such that a short period of time passed between his use of the force and Mr. Ferguson's raising of his hands. But because I know this court had rather, this court should ultimately not even reach the merits. I've spent some time talking about the copyright immunity, but I do just want to spend my final seconds talking again about the jurisdictional issue. Ultimately, this court does not have a basis to review the merits of this issue. Just given what's been said and Gant in white, I'm in a number of other cases that rely on the Johnson V Jones principle. And ultimately this case should be denied on jurisdictional grounds. And if not that, then it should be left in the recognition of the clearly established rights that were violated in this instance. If there are no further questions, I'll yield it the rest of my time. Thank you, Mr. Jason. Mr. Engelke, we'll give you a minute. I think you had less than a minute. We'll give you a minute. I'll just, I want to emphasize that Gantt involved a case where the officer claimed mistakenly that the plaintiff was armed. And that belief could not be reviewed as a material disputed fact as a matter of law. Here, there is no mistaken belief claimed by Officer McDonald. Instead, he stepped back and fired taser in one motion. The intent of whether or not Mr. Ferguson intended to surrender, you know, and even without saying anything, or there's certainly nothing on the video is not something that it must be reviewed as an objective officer. And I just need to close with emphasizing Dockery and Plume Hoff there. The court decided that on summary judgment, there was a genuine dispute about the degree of danger on the suspect's high-speed flight. The United States Supreme court reversed because there was a video showing what the, what happened. So the court could rule and should rule. Thank you very much. Thank you. Thanks to both counsel. The court will take this case under advisement.